IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GRADY TAYLOR, JR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-483-MTT-ALS |
| | : | |
| VINCENT DENNIS, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Grady Taylor, Jr., an inmate at Jefferson County Correctional Institute in Louisville, Georgia, seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also moved for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel. (Docs. 3, 4). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, but Plaintiff must pay an initial partial filing fee if he wishes to continue with this case. Plaintiff's motion to appoint counsel is **DENIED.**

## MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee in this case. A review of Plaintiff's motion to proceed IFP demonstrates that Plaintiff is presently unable to pay the cost of commencing this action. Plaintiff's motion is therefore **GRANTED.** (Doc. 3). Even if a prisoner is allowed to proceed IFP, however, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.

28 U.S.C. § 1915(b)(1). A review of Plaintiff's prison trust fund account statement shows he had an average monthly balance of $140.14 in his account during the time he was incarcerated prior to the filing of his Complaint, and he appears to receive regular deposits. *See generally* (Docs. 3-1, 3-2). Twenty percent of $140.14 is $28.03. Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $28.03.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) as explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.     Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the

full filing fee.

      II.      <u>Plaintiff's Obligations on Release</u>

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $28.03. If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed IFP, accompanied by an updated prison trust fund account statement covering the most recent six months, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## MOTION FOR APPOINTED COUNSEL

Plaintiff has also moved to appoint counsel. (Doc. 4). "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances,

3

and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED**.[1] Should it later become

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to pay the initial partial filing fee of $28.03 or file a renewed motion for leave to proceed *in forma pauperis* as set forth above. Plaintiff's motion to appoint counsel (Doc. 4) is **DENIED**. Plaintiff must also notify the Court immediately and in writing of any change in his mailing address. **Failure to fully and timely comply with this Order will likely result in the dismissal of Plaintiff's Complaint.** There shall be no service of process until further order of the Court.

**SO ORDERED**, this 17th day of December, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE